## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **DAIN C. MCCALLA,** | \* |
| Petitioner | \* |
| v. | \* Civil Case No.: RWT 09-2826 |
| | \* Criminal Case No.: RWT 06-0404 |
| **UNITED STATES OF AMERICA,** | \* |
| Respondent. | \* |

## MEMORANDUM OPINION

Pending before the Court is Petitioner Dain C. McCalla's petition under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence (the "Petition"). In it, Petitioner contends that the Court misapplied the Sentencing Guidelines and that he was denied his Sixth Amendment right to effective assistance of counsel. Because Petitioner has failed to show that counsel's representation was objectively unreasonable and resulted in actual prejudice, the Court will, by separate order, deny the Petition.

## BACKGROUND

On or about September 11, 2006, a federal grand jury sitting in the District of Maryland returned a multi-count Indictment against McCalla and several co-defendants. ECF No. 7. On October 15, 2007, McCalla entered a plea of guilty to counts one and three, which charged him with (i) use of an unauthorized access device, in violation of 18 U.S.C. § 1029(a)(2); and (ii) effecting transactions with an access device issued to another, in violation of 18 U.S.C. § 1029(a)(5). In the Plea Agreement, McCalla and the Government recognized that the two counts involve the substantially same harm and group pursuant to U.S.S.G § 3D1.2(d); carry a base offense level of six, pursuant to § 2B1.1(a)(2); incur an additional fourteen-level increase

because the loss amount is greater than $400,000 but less than $1,000,000, pursuant to § 2B1.1(b)(1)(H); and receive a four-level increase because the offense involved fifty or more victims, pursuant to § 2B1.1(b)(2)(B).

In advance of the sentencing hearing, defense counsel submitted a Memorandum in Aid of Sentencing, which, *inter alia*, argued that the four-level enhancement for the number of victims contained in the Plea Agreement and Presentence Report is contrary to the plain language of the Sentencing Guidelines and out-of-circuit case law that she became aware of "[s]hortly after entering the guilty plea in this case." ECF No. 219. Specifically, she argued that "[t]he credit card holders did not suffer pecuniary harm and therefore cannot be considered victims under the Guidelines." *Id.*

In response, on February 9, 2009, the Court sent a letter to the parties advising them to be prepared to address at the sentencing hearing whether a four-level enhancement for fifty or more victims would be appropriate under § 2B1.1(b)(2)(B). ECF No. 221. The Court also provided notice that it was contemplating an upward departure under § 2B1.1, Application Note 19(A), and that the parties should be prepared to address this possibility. *Id.*

At the February 17, 2009 sentencing hearing, defense counsel vigorously argued that § 2B1.1(b)(2)(B) should not apply because "both the language as set forth in the guidelines and the courts that have interpreted the term 'victim' are both clear that credit card holders who have [been] fully reimbursed for their losses cannot be considered victims under the guidelines." Sentencing Hr'g Tr. 22:7-12, Feb. 17, 2009, ECF No. 348; *see also id.* at 22:4-32:5. Defense counsel again acknowledged that she "become aware of case law immediately after the plea agreement addressing this issue and subsequent case law over the . . . year and a half subsequent to signing this plea agreement." *Id.* at 56:22-57:1.

Defense counsel also objected to any upward departure under Application Note 19(A) of § 2B1.1 on the grounds that it was not contemplated in the Plea Agreement. *Id.* at 32:14-35:5. However, in response to the Court's question asking "why would it not factually be appropriate in this case to have that offense level adjustment," *id.* at 35:7-9, defense counsel conceded that "unfortunately, Your Honor, on the merits, it does seem to describe what went on in this case, and that's why I did not spend a tremendous amount of time or space in my letter describing to the Court why it wouldn't be appropriate," *id.* at 35:11-15.

Ultimately, the Court applied the four-level enhancement for fifty or more victims pursuant to § 2B1.1(b)(2)(B), as contemplated by the Plea Agreement and Presentence Report. The Court further stated:

> I want to declare as an alternative to that, that to the extent if any that I am not correct in concluding that the 50 victim or more offense characteristic is appropriate that, as an alternative, I would exercise the authority given to me in the Paragraph 9(a)(2) on Page 97 of the current edition of the guidelines. . . .
>
> [I]n this case I conclude as an alternative the application of that four level upward adjustment in the offense level that this crime did involve a substantial invasion of privacy interests through the theft and misuse of financial records of the victims in this case and that I've seen a large tip of an enormous iceberg in the testimony of just one victim of the Blaise Jordan case. . . .
>
> But at least the guideline is not completely oblivious to the notion that harm to a victim may be other than monetary, and I therefore conclude as an alternative to application of this offense level that I would apply the exact same number of levels of a four level upward departure under application note 19(a)(2) for the substantial invasion of privacy interests in this case with the theft and misuse of financial records.

Sentencing Hr'g Tr. 62:8-63:13. Consistent with the rulings at the hearing, the Court entered a Judgment sentencing McCalla to forty-two months incarceration followed by three years of supervised release. ECF No. 240.

**PROCEDURAL HISTORY**

On October 30, 2009, McCalla filed a Petition Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence, ECF No. 312, which he susequently amended with leave of court, ECF Nos. 333, 352. Petitioner appears to challenge his sentence on two grounds, arguing that (i) the Court committed plain error by making a four-level enhancement for fifty or more victims under § 2B1.1(b)(2)(B) and (ii) his counsel was ineffective during plea negotiations for failing to advise him that he could make a colorable legal argument that § 2B1.1(b)(2)(B) did not apply under the circumstances. *Id.*; Am. Pet. at 1-6; *see also* Pet'r's Reply at 2, ECF No. 355.

**ANALYSIS**

**I.      Misapplication of the Sentencing Guidelines**

Petitioner's claim that the Court miscalculated his sentence under the Sentencing Guidelines does not give rise to a constitutional issue cognizable under § 2255. *United States v. Pregent*, 190 F.3d 279, 283-284 (4th Cir. 1999) ("Barring extraordinary circumstances, . . . an error in the application of the Sentencing Guidelines cannot be raised in a § 2255 proceeding."). Any purported error in applying § 2B1.1(b)(2)(B) does not amount to a miscarriage of justice and Petitioner does not contend that his sentence exceeded the maximum authorized by law. Accordingly, Petitioner's first challenge to his sentence is without merit.

**II.     Ineffective Assistance of Counsel**

In evaluating claims of ineffective assistance of counsel, the Court applies the two prong test set forth in *Strickland v. Washington*, 466 U.S. 668, 687 (1984). First, Petitioner must show that counsel's representation fell "below an objective standard of reasonableness." *Id.* at 688. In reviewing counsel's performance, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689. Second, Petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional

errors, the result of the proceeding would have been different," where a "reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694. In the context of a guilty plea, Petitioner must establish that but for counsel's purported errors, there is a reasonable probability that he would not have pled guilty and would have insisted on going to trial. *Hill v. Lockhart*, 474 U.S. 52, 59 (1985); *Royal v. Taylor*, 188 F.3d 239, 248 (4th Cir. 1999).

Petitioner contends that his counsel was ineffective for failing to advise him during plea negotiations that an enhancement under § 2B1.1(b)(2)(B) might not be appropriate. Petitioner further argues – despite his admission to the contrary in the Plea Agreement – that there were only four victims of the fraud: the financial institutions identified as "Victim Nos. 1-4" in the section of the Judgment ordering restitution.

Petitioner cannot satisfy the first prong of *Strickland* because defense counsel's representation was not objectively unreasonable in light of the unsettled nature of the law in the Fourth Circuit. In the 2008 edition of the Federal Sentencing Guidelines Manual, the Application Notes to § 2B1.1 define a "victim" as, in relevant part, "any person who sustained any part of the actual loss determined under subsection (b)(1) . . . ." U.S. Sentencing Guidelines Manual § 2B1.1 cmt. n.1 (2008). The Application Notes further define "actual loss" as "the reasonably foreseeable pecuniary harm that resulted from the offense." U.S. Sentencing Guidelines Manual § 2B1.1 cmt. n.3(A)(i) (2008). "Pecuniary harm" is defined as "harm that is monetary or that otherwise is readily measurable in money," not including "emotional distress, harm to reputation, or other non-economic harm." U.S. Sentencing Guidelines Manual § 2B1.1 cmt. n.3(A)(iii) (2008).

At the time Petitioner entered into the Plea Agreement, neither the Supreme Court nor the Fourth Circuit had addressed whether individuals who temporarily sustain monetary harm are victims under § 2B1.1(b)(2). However, the Eleventh Circuit had held that the loss need not be permanent, *see United States v. Lee*, 427 F.3d 881, 894-95 (11th Cir. 2005), the Fifth and Sixth Circuits had found that only the person who ultimately bears the pecuniary loss is a victim for purposes of the offense level enhancement, *see United States v. Conner*, 537 F.3d 480, 489 (5th Cir. 2008); *United States v. Yagar*, 404 F.3d 967, 971 (6th Cir. 2005), and the Second and Ninth Circuits had concluded that an individual who has suffered a temporary loss as well as additional harm measurable in monetary terms is a victim under the Sentencing Guidelines, *see United States v. Abiodun*, 536 F.3d 162, 168 (2d Cir. 2008); *United States v. Pham*, 545 F.3d 712, 721 (9th Cir. 2008). Even if, as the record suggests, defense counsel first became aware of the issue after Petitioner entered into the Plea Agreement,[1] Pet'r's Sentencing Memo. at 2; Sentencing Hr'g Tr. 56:22-57:1, this oversight does not fall below an objective standard of reasonableness because application of § 2B1.1(b)(2)(B) to the factual circumstances of this case was a fair interpretation of the Sentencing Guidelines, there was a three-way circuit split on the issue, and there was no contrary, controlling Fourth Circuit precedent. *See United States v. Jiminez*, 54 F. App'x 369, 371 (3d Cir. 2002) ("[I]neffective assistance cannot be established by failure to argue a point supported only by authority outside this jurisdiction."); *cf. McMann v. Richardson*, 397 U.S. 759, 770 (1970) ("That a guilty plea must be intelligently made is not a requirement that all advice offered by the defendant's lawyer withstand retrospective examination in a post-conviction hearing.").

---

[1] The Court will deny Petitioner's Motion for Evidentiary Hearing, ECF No. 356, because a hearing is unnecessary in light of the fact that defense counsel has already acknowledged on the record that she was not aware of any potential issue relating to § 2B1.1(b)(2)(B) until after Petitioner pled guilty. Pet'r's Sentencing Memo. at 2; Sentencing Hr'g Tr. 56:22-57:1.

Moreover, even assuming, *arguendo*, that Petitioner had demonstrated that defense counsel's representation fell "below an objective standard of reasonableness," *Strickland*, 466 U.S. 688, McCalla has nonetheless failed to satisfy the requisite second prong of *Strickland*. Petitioner has not established that but for his counsel's failure to advise him during plea negotiations that § 2B1.1(b)(2)(B) might not apply, there is a reasonable probability that he would have insisted on going to trial. *Hill* 474 U.S. at 59; *Royal*, 188 F.3d at 248. Even if defense counsel had advised Petitioner of the issue and the Plea Agreement had not contained a four-level enhancement under § 2B1.1(b)(2)(B) – Petitioner's only gripe – he still would have received the same sentence because the Court made, in the alternative, a four-level upward departure pursuant to Application Note 19 of § 2B1.1. Sentencing Hr'g Tr. 7:9-8:1. At the sentencing hearing, the Court explained that an upward departure was warranted because, based on testimony at the Blaise Jordan trial, the offense clearly resulted in a substantial invasion of a privacy interest. *Id.* In fact, defense counsel conceded that an upward adjustment would be appropriate under the factual circumstances. *Id.* at 35:11-15.

Accordingly, Petitioner's claim of ineffective assistance of counsel is meritless.

## CONCLUSION

For the foregoing reasons, the Court will, by separate order, deny Petitioner's § 2255 Petition (ECF No. 312).

August 26, 2010  /s/
Date  Roger W. Titus
United States District Judge

7